**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jose Garcia and Juan Morales, *on behalf of themselves and all others similarly situated*,<br><br>                                        Plaintiffs,<br><br>        -v-<br><br>Giuseppe Magnotta, Vincent Sorrentino, Atlantic Pizza Inc., ABC Corp., *d/b/a* Angelina's Pizza & Restaurant,<br><br>                                        Defendants. | 2:25-cv-390<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On January 22, 2025, Plaintiffs Jose Garcia and Juan Morales (together, "Plaintiffs") commenced this putative class-action against Defendants Giuseppe Magnotta, Vincent Sorrentino, Atlantic Pizza Inc. ("Atlantic Pizza"), and ABC Corp. d/b/a Angelina's Pizza and Restaurant ("Angelina's Pizza"), bringing the following claims: (1) failure to pay overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) violation of the NYLL's spread-of-hours requirements promulgated under 12 N.Y.C.R.R. §§ 142-2.4, 142-2.18, and 146-1.6; (3) failure to provide a wage notice in violation of NYLL § 195(1) and 12 N.Y.C.C.R. § 146-2.2; (4) failure to provide wage statements in violation of NYLL § 195(3) and 12 N.Y.C.C.R. § 146-2.3; (5) violation of the New York State Minimum Wage Act; (6) unlawful retention/misappropriation of tips under NYLL §§ 196-d and 198, 29 C.F.R. §§ 531.52, 531.54, and 531.59, and 29 U.S.C. ¶ 203(m); and (7) improper tip pooling

under 12 N.Y.C.R.R. §§ 146.14, 146.15, 146.16, 146.17, and NYLL §§ 196 and 198. (Compl., ECF No. 1 at 11–17.)[1]

The Clerk of Court entered a certificate of default against Defendants Magnotta, Sorrentino, and Atlantic Pizza (together, "Defendants") on July 23, 2025. (ECF No. 17.)[2] Thereafter, on August 13, 2025, Plaintiffs moved for default judgment, seeking relief in the form of: (1) damages for unpaid overtime wages owed to Garcia and Morales under FLSA and the NYLL; (2) liquidated damages for Garcia and Morales under the NYLL; (3) statutory damages for violations of NYLL §§ 195(1) and (3) for Garcia and Morales; (4) damages for unpaid spread-of-hours wages for Garcia under 12 N.Y.C.R.R. § 146-1.6; (5) an order awarding attorneys' fees, costs, and litigation expenses to Plaintiffs' attorneys; (6) statutory damages for violations of 26 U.S.C. § 7434; (7) an order requiring Defendants to pay pre- and post-judgment interest; and (8) a requirement that Defendants pay an additional 15% on top of any judgment in the event that the judgment is uncollected after 90 days, pursuant to NYLL § 198. (Mot. Sum Certain Default J., ECF No. 20; Mem. L. Supp. ("Motion" or "Motion for Default Judgment"), ECF No. 20-1 at 2–3.) On February 4, 2026, this Court referred the Motion for Default Judgment to Magistrate Judge Steven I. Locke for a written report and recommendation. (Elec. Order, Feb. 4, 2026.)

---

[1] Plaintiffs' initial Complaint listed an incorrect case number and was mistakenly captioned "First Amended Complaint." (*See* Compl., ECF No. 1.) On January 30, 2025, Plaintiffs filed a corrected Complaint that lists the accurate case number and caption but is otherwise identical in all other respects. (*See* Am. Compl., ECF No. 5.)

[2] Plaintiffs did not request a certification of default against Defendant Angelina's Pizza. Accordingly, this Memorandum and Order refers to Defendants Magnotta, Sorrentino, and Atlantic Pizza Inc. as "Defendants" and does not address claims against Angelina's Pizza.

On February 26, 2026, Judge Locke issued a Report and Recommendation (the "R&R"), which recommends that the Court grant in part and deny in part the Motion for Default Judgment. (R&R, ECF No. 21.) Specifically, the R&R recommends the entry of default judgment against Defendants on the following claims:

(1) claims by Garcia and Morales for failure to pay overtime wages as required under the FLSA and NYLL;
(2) Garcia's claim for violation of the NYLL spread-of-hours requirements;
(3) Garcia and Morales's claim for violation of the NYLL wage statement requirement; and
(4) Garcia and Morales's claim for violation of the NYLL's wage notice requirement.

(*See* R&R at 1–2, 10–16.) The R&R notes that in the Motion for Default Judgment, Plaintiffs did not pursue claims set forth in the Complaint for minimum wage violations, unlawful retention/misappropriation of tips, or improper tip pooling, or claims for relief under 26 U.S.C. § 7434. Based on the claims for which liability was proven, the R&R recommends that this Court award Plaintiffs the following damages, attorneys' fees, and costs:

(1) $6,495.00 in unpaid overtime damages to Garcia;
(2) $150,286.50 in unpaid overtime damages to Morales;
(3) $6,495.00 in liquidated damages to Garcia;
(4) $150,286.50 in liquidated damages to Morales;
(5) $9,216 in damages to Garcia for the NYLL spread of hours violations;
(6) $5,000 each to Garcia and Morales in statutory damages for the NYLL wage statement violations;
(7) $5,000 each to Garcia and Morales in statutory damages for the NYLL wage notice violations;
(8) pre-judgment interest, accruing at a rate of $1.60 per day for Garcia and $37.06 per day for Morales, from May 12, 2022, until the date on which judgment is entered;
(9) post-judgment interest, accruing at the rate set forth in 28 U.S.C. § 1961; and
(10) an award of attorneys' fees and costs in the amount of $58,729.70.

(*See* R&R at 1–2, 11, 13, 15–29.)

A copy of the R&R was provided to Plaintiffs' counsel via ECF on February 26, 2026. (ECF No. 21.) Plaintiffs' counsel filed a certificate of service on March 3, 2026, which affirms that the R&R was served on Magnotta and Sorrentino on March 2, 2026, by "first class mail" to

3

their last known addresses "by depositing a true copy [of the R&R] enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State . . . ." (ECF No. 22.) Although this mailing was not expressly addressed to Atlantic Pizza, it nevertheless accomplished service on that entity because Magnotta is alleged to be the President and Chief Operating Officer of Atlantic Pizza and, under New York law, corporations may be served by delivering the summons to an "officer, director, managing or general agent" of the corporation, among others. N.Y. C.P.L.R. § 311(a)(1). (*See* Compl. ¶¶ 9–11.)

The R&R instructed that any objections to its findings must be submitted in writing to the Clerk of Court within fourteen (14) days of service of the R&R. (R&R at 10.) Consequently, the deadline for objections was March 19, 2026. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service); Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); *see also Murphy v. Murphy*, No. 20-cv-02388, 2023 WL 2795977, at *1 (E.D.N.Y. Apr. 5, 2023) (setting out these rules for calculating the deadline to object to an R&R). The date for filing objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Because no party has timely filed objections to the R&R, I may review the

4

R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R de novo out of an abundance of caution.

Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R's recommendation that Plaintiffs' Motion for Default Judgment be granted in part and denied in part, and its recommendations as to the damages, attorney's fees, and costs to be awarded to Plaintiffs, with several modifications. First, the R&R correctly found that Plaintiffs proved Defendants' liability for Plaintiffs' unpaid overtime claims under the NYLL and FLSA, Garcia's NYLL spread-of-hours wages claim, and Plaintiffs' claims for violation of the NYLL wage statement and wage notice requirements. Second, the R&R recommended the correct award of damages, attorneys' fees, and costs with the following changes: (1) Garcia's overtime wages are calculated based on prevailing minimum wages under New York law, rather than the sub-minimum wage rate at which Defendants paid him during the relevant period; (2) Morales's overtime wages are calculated using an hourly wage that incorporates the $300 in cash that Defendants paid him each week; (3) in light of the adjustments to the overtime calculations for Garcia and Morales, the Court makes corresponding adjustments to the award of liquidated damages and pre-judgment interest to both Plaintiffs; and (4) the Court orders the assessments of an additional 15% if the judgment is uncollected after 90 days, pursuant to NYLL § 198.

## I.      Garcia's Overtime Damages

The R&R correctly found that Defendants are liable to Garcia for violating the requirements of the NYLL and FLSA that employers pay workers an overtime premium of at least time-and-a-half for any hours worked over 40 hours per week. (*See* R&R at 6–11.) As the

R&R noted, "[i]n cases like this action, courts typically calculate damages under the NYLL, which provides for the greatest recovery." (R&R at 18.)

The R&R calculated damages for Garcia's overtime claims based on his hourly wage of $7.50, which he was paid for all hours worked during the relevant period. (*See id.* at 18–19; Decl. Jose Garcia ("Garcia Decl."), ECF No. 21-2, ¶ 9.) However, "[w]here a plaintiff is 'compensated below the statutory minimum wage under either the FLSA or NYLL, the overtime fifty-percent premium is calculated based upon the applicable minimum wage[,] not the plaintiff's actual pay rate.'" *Hernandez v. Fu Long Food Prod. Inc.*, No. 24-cv-8391, 2025 WL 2470668, at *11 (E.D.N.Y. Aug. 26, 2025) (quoting *Brito v. Marina's Bakery Corp.*, No. 19-cv-828, 2022 WL 875099, at *16 (E.D.N.Y. Mar. 24, 2022)), *report and recommendation adopted*, No. 24-cv-8391, 2025 WL 2653909 (E.D.N.Y. Sept. 16, 2025). Garcia does not claim that he was not paid for these overtime hours, but rather that "he was not paid an overtime premium for those hours worked over 40 in a workweek." (Garcia Decl. ¶ 9.) Thus, Garcia was underpaid in the amount of the prevailing overtime wages for each relevant time period set forth in the table below, subtracted by his regular hourly wage of $7.50 per hour. *See Brito*, 2022 WL 875099 at *16. Garcia's unpaid overtime wages are thus calculated pursuant to the following equation: ((prevailing overtime wage – regular wage) x overtime hours worked per week) x (weeks of work).

Defendants employed Garcia as a busboy from October 2017 through October 2022, with a brief hiatus from March 15, 2020 through June 15, 2020, due to the Covid-19 pandemic.[3] (Garcia Decl., ECF No. 20-2 ¶ 9.) Because this action was filed on January 22, 2025, under the

---

[3] Where Plaintiffs do not provide specific dates, the Court will rely on the midpoint of each month as did Judge Locke.

NYLL's six-year statute of limitations, *see* N.Y. Lab. Law §§ 198(3), 663(3), the Court considers damages beginning on January 22, 2019.[4] (*See* R&R at 19.) Accordingly, the correct time-and-a-half rates at which Garcia should have been paid during different time periods in the relevant period, which are calculated based on the prevailing minimum wage during each period, are as follows:

| Period | No. of Weeks of Work | Hourly Wage | Prevailing Hourly Min. Wage[5] | Overtime Hourly Rate[6] | Unpaid Overtime Hourly Rate | Overtime Hours Worked Per Week | Total Unpaid Wages |
|---|---|---|---|---|---|---|---|
| January 22, 2019 to December 30, 2019 | 48.85 | $7.50 | $12.00 | $18.00 | ($18.00 - $7.50) = $10.50 | 10 | $5,129.25 |
| December 31, 2019 to March 15, 2020 | 10.71 | $7.50 | $13.00 | $19.50 | ($19.50 - $7.50) = $12.00 | 10 | $1,285.20 |
| June 16, 2020 to December 30, 2020 | 28.14 | $7.50 | $13.00 | $19.50 | ($19.50 - $7.50) = $12.00 | 12 | $4,052.16 |
| December 31, 2020 to December 30, 2021 | 52 | $7.50 | $14.00 | $21.00 | ($21.00 - $7.50) = $13.50 | 12 | $8,424.00 |
| December 31, 2021 to October 15, 2022 | 41.28 | $7.50 | $15.00 | $22.50 | ($22.50 - $7.50) = $15.00 | 12 | $7,430.40 |
| **Sum of Garcia's Unpaid Overtime Damages:** | | | | | | | $26,321.01 |

---

[4] The R&R mistakenly states that this action was commenced on August 31, 2025, which contributed to an under-calculation of Plaintiffs' damages.

[5] *See* N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 146-1.2(a)(1)(ii) (listing general hourly minimum wages in New York State).

[6] The hourly rate for overtime hours—defined as all hours worked in a single week beyond 40 hours—is one and one-half times (1.5x) the regular rate at which the employee is typically compensated. (*See* R&R at 10–11.)

Accordingly, Garcia is awarded $26,321.01 in compensatory damages for his NYLL overtime claim.

## II.       Morales's Overtime Damages

The R&R also correctly found that Defendants are liable to Morales for violating the requirement under the NYLL and FLSA that employees pay workers an overtime premium of at least time-and-a-half for any hours worked over 40 hours per week. (*See* R&R at 10–11.) As with Garcia's overtime damages, the Court calculates Morales's overtime damages under the NYLL to determine the appropriate compensation for the NYLL and FLSA violations.

Morales's overtime damages also warrant an adjustment from the calculations set forth in the R&R. Based on Morales's declaration and paystubs, Defendants paid Morales $13.00 per hour from the beginning of his employment until at least April 25, 2022, when his pay increased to $15.00 per hour. (Morales Decl. ¶ 7.)[7] Defendants also paid Morales $300 per week in cash, which was not reflected on his paystubs or considered to be overtime pay. (*Id*.) The R&R did not account for this additional $300 per week. Accordingly, to calculate Morales's regular hourly rate of pay, the Court "divid[es] the employee's total weekly earnings by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." *Prudencio Trejo v. Blanca's Bakery & Deli Inc.*, No. 2:23-cv-6063, 2025 WL 850625, at *3 n.4 (E.D.N.Y. Mar. 19, 2025) (Choudhury, J.) (quoting N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 146-3.5(b)). Because Morales worked more than 40 hours each week, the Court divides his total weekly earnings by 40 in order to calculate his hourly wage. (Morales Decl. ¶ 6)

---

[7] Morales attests that Defendants paid him $13.00/hour from 2017 through 2020, and then $14.20/hour in 2023. (Morales Decl. ¶ 7.) However, the Court relies on the paystubs and their corresponding dates for calculating Morales's unpaid overtime. (Juan Morales's Pay Stubs ("Morales Paystubs"), ECF No. 20-14.)

Thus, Morales's regular hourly rate was as follows during the relevant period:

| Period | Hourly Rate on Paystub | Weekly Cash Payment | Regular Hourly Rate | Overtime Hourly Rate (Regularly Hourly Rate times 1.5) |
|---|---|---|---|---|
| January 22, 2019 to April 24, 2022 | $13.00 | $300 | (($13.00 x 40 hours) + $300) / 40 hours = $20.50 per hour | $30.75 |
| April 25, 2022 to October 28, 2023 | $15.00 | $300 | (($15.00 x 40 hours) + $300) / 40 hours = $22.50 per hour | $33.75 |

Accordingly, at all times during the relevant period, Defendants paid Morales hourly wages that were greater than New York's prevailing minimum wage. These rates can therefore be used as the baseline hourly rate for calculating Morales's overtime pay. As such, Morales's overtime rate of pay between January 22, 2019, until April 24, 2022 should have been ($20.50 x 1.5), or $30.75 per hour, and between April 25, 2022, and October 28, 2023, it should have been ($22.50 x 1.5), or $33.75 per hour.

In light of these adjustments, the calculations for Morales's unpaid overtime wages are set forth below, using the following equation:

Overtime wages = (prevailing overtime rate) x (overtime hours/wk) x (weeks of work).[8]

---

[8] Unlike Garcia, Morales's attests that he was not paid for *any* overtime hours worked. (*See* Garcia Decl; *see also* Morales Paystubs (listing only forty-hours worked per week).) Therefore, the Court does not subtract Morales's regularly hourly rate from his overtime hourly rate when calculating the amount of unpaid overtime wages he is owed.

Between January 22, 2019, and March 15, 2020, Morales worked 39 overtime hours per week. (Morales Decl. ¶ 6.) Between June 16, 2020, and October 28, 2023, he worked 52 overtime hours per week. (*Id.*) His unpaid overtime wages are therefore as follows:

| Period | Weeks | Hourly Pay | Overtime Rate | Overtime Hours Worked | Total Unpaid Wages |
|---|---|---|---|---|---|
| January 22, 2019 to March 31, 2020 | 62 | $20.50 | $30.75 | 39 | $74,353.50 |
| June 16, 2020 to April 24, 2022 | 96.71 | $20.50 | $30.75 | 52 | $154,639.29 |
| April 25, 2022 to October 28, 2023 | 78.71 | $22.50 | $33.75 | 52 | $138,136.05 |
| **Sum of Morales's Unpaid Overtime Damages:** | | | | | $367,128.84 |

Accordingly, Morales is awarded compensatory damages under the NYLL in the amount of $367,128.84. (*See* R&R at 18.)

## III. Liquidated Damages and Pre-Judgment Interest

In light of the adjustments to both Garcia's and Morales's damages for their NYLL overtime claims, the Court also awards liquidated damages equal to the overtime damages amounts. Accordingly, Garcia is awarded liquidated damages in the amount of $26,321.01, and Morales is awarded liquidated damages in the amount of $367,128.84.00. (*See* R&R at 20 (citing *Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-cv-4493, 2022 WL 5428688, at *12 (E.D.N.Y. Aug. 16, 2022) (The NYLL "allows a plaintiff to receive liquidated damages equal to one hundred percent of the total amount of the wages found to be due, unless the employer provides a

good faith basis for believing he or she was in compliance with the law."); *see also Rueda v. A & G Iron Works Corp*, No. 1:25-cv-1791, 2026 WL 183692, at *14 (E.D.N.Y. Jan. 23, 2026) (finding that "under the NYLL an employee may receive both liquidated damages and prejudgment interest") (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d. Cir. 1999)).

The adjustment to Garcia's and Morales's damages for unpaid overtime wages also requires an update to the pre-judgment interest calculations. (*See* R&R at 23–24 (reciting the methodology and law for calculating pre-judgment interest).) The statutory pre-judgment interest rate under the NYLL is 9% per year. N.Y. C.P.L.R. §§ 5001, 5004; *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015) (awarding pre-judgment interest under the NYLL and observing that interest "shall be at the rate of nine per centum per annum"). Applying the statutory rate of 9% per year, pre-judgment interest accrues at a rate of $8.76 per day on Garcia's $26,321.01 unpaid overtime damages and his $9,216.00 spread-of-hours damages.[9] *See Soriano v. Amoun Inc.*, No. 1:16-cv-4257, 2017 WL 11745947, at *3–4 (S.D.N.Y. Mar. 16, 2017) (holding that damages from spread-of-hours and unpaid overtime claims under the NYLL are subject to pre–judgment interest). Applying the statutory rate to Morales's damages award of $367,128.84, pre-judgment interest accrues at a rate of $90.52 per day. [10]

---

[9] The daily pre-judgment accrual rate was calculated using the following equation: (($26,321.01 unpaid overtime damages + $9,216.00 spread-of-hours damages) x .09) / 365.

[10] The daily pre-judgment accrual rate was calculated using the following equation: ($367,128.84 unpaid overtime damages) x .09) / 365.

"Where, as here, unpaid wages are 'incurred at various times, interest shall be computed . . . from a single reasonable intermediate date.'" (R&R at 23 (quoting N.Y. C.P.L.R. § 5001(b).) "Courts in this Circuit have found that a single reasonable intermediate date is the median date between the earliest and latest dates within the statute of limitations period that a plaintiff's wage claim accrued." *Id*. (citing *Hernandez v. NJK Contractors, Inc.*, No. 09-cv-4812, 2015 WL 1966355, at *1 (E.D.N.Y. May 1, 2015); *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-cv-4760, 2013 WL 6021668, at *15 (E.D.N.Y. Nov. 13, 2013)).

Here, the statutory period began on January 22, 2019, for both Garcia and Morales. Garcia's last claim under the NYLL accrued on October 16, 2022, when his employment with Defendants ended. (Garcia Decl. ¶ 8.) Thus, the date at which pre-judgment interest begins to accrue for Garcia is the mid-point between January 22, 2019, and October 16, 2022, which is December 3, 2020. *See Rueda*, 2026 WL 183692, at *15 (calculating prejudgment interest on unpaid wages from a date halfway between the first and last days of the employee's employment); *Feuer v. Cornerstone Hotels Corp.*, No. 14-cv-5388, 2020 WL 401787, at *12 n.22 (E.D.N.Y. Jan. 24, 2020) (same). As of the date of this filing, 1,943 days have elapsed since December 3, 2020. This yields pre-judgment interest for Garcia in the amount of $17,020.68.[11]

Morales's last claim under the NYLL accrued on October 28, 2023, the date on which his employment with Defendants concluded. (Morales Decl. ¶ 6.) The date at which pre-judgment interest rate begins to accrue for Morales's claims, is therefore June 10, 2021, which is the mid-

---

[11] This based on the statutory rate of 9% per year, accruing at $8.76 per day for Garcia, multiplied by 1,943, the number of days since pre-judgment interest began to accrue, as of March 30, 2026.

12

point between January 22, 2019 and October 28, 2023. As of the date of this filing, 1,754 days

have elapsed since June 10, 2021, yielding pre-judgment interest in the amount of $158,772.08.[12]

IV.    **Conclusion**

Accordingly, Plaintiffs' Motion for Default Judgment (ECF No. 20) is granted as follows.

First, Defendants are liable for Plaintiffs' unpaid overtime claims under the NYLL and FLSA,

Garcia's NYLL spread-of-hours wages claim, and Plaintiffs' claims for violation of the NYLL

wage statement and wage notice requirements. Second, Plaintiffs are awarded the following

damages, liquidated damages, attorneys' fees, and costs:

(1) $26,321.01 in damages to Garcia and $367,128.84 to Morales on their successful

overtime claims under the FLSA and NYLL;

(2) $9,216.00 in damages to Garcia for violation of NYLL's spread-of-hours

requirements;

(3) $10,000 to Gracia and $10,000 to Morales for Defendants' violations of the NYLL's

wage statements and notice requirements;

(4) $17,020.68 in pre-judgment interest for Garcia, accruing at a rate of $8.76 per day

from March 30, 2026, through the date on which judgment is entered;

(5) $158,772.08 in pre-judgment interest for Morales, accruing at a rate of $90.52 per day

from March 30, 2026, through the date on which judgment is entered;

(6) post-judgment interest, accruing at the rate set forth in 28 U.S.C. § 1961;

---

[12] This is based on the statutory rate of 9% per year, accruing at $90.52 per day for Morales, multiplied by 1,754, the number of days since pre-judgment interest began to accrue, as of March 30, 2026.

(7) liquidated damages in the amount of $26,321.01 for Garcia and $367,128.84 for

Morales;

(8) an award of attorneys' fees and costs in the amount of $58,729.70; and

(9) an additional 15% on top of any judgment pursuant to NYLL § 198 in the event that

the judgment is uncollected after 90 days.

Dated: Central Islip, New York
    March 31, 2026

            /s/ Nusrat J. Choudhury
            NUSRAT J. CHOUDHURY
            United States District Judge